IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SAMANTHA HEPNER,**

    **Plaintiff,**

v.                                    Civil Action No. 1:22-CV-38
                                              (Chief Judge Kleeh)

**JAMIE D. FLYNN,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [ECF NO. 6]

Pending before the Court is Defendant's Motion to Remand and Memorandum in Support [ECF No. 6]. The motion is fully briefed. The Court heard oral argument on July 26, 2022 and the issue is ripe for decision. For the reasons set forth herein, the Court finds Defendant did not timely file his Notice of Removal and Plaintiff's motion is **GRANTED**.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, in her Complaint, alleges she was a passenger in a 2018 Ford Escape traveling westbound on Interstate 68 while Defendant operated a 2004 Chevrolet Silverado traveling eastbound on the same route at approximately the same location. ECF No. 1-1, Compl. ¶¶ 6-9. Defendant drove his vehicle from the eastbound lanes, passing through the median and into oncoming traffic in the westbound lanes of traffic colliding with Plaintiff's vehicle. Id. at ¶ 10.

**Hepner v. Flynn**                                                              **1:22CV38**

### MEMORANDUM OPINION AND ORDER GRANTING
### PLAINTIFF'S MOTION TO REMAND [ECF NO. 6]

Plaintiff filed her Complaint in the Circuit Court of Monongalia County, West Virginia on September 24, 2001. In that pleading, Plaintiff alleges Defendant is a resident and citizen of Pennsylvania. Id. at ¶ 2. Plaintiff is a resident of West Virginia. Id. at ¶ 1. Plaintiff alleges she suffered, and continues to suffer, serious bodily injury as a proximate result of Defendant's negligence. Id. at ¶ 30. In addition to $27,661 in medical, hospital and other related expenses, Plaintiff alleges she was required to undergo various medical procedures and treatments, suffered pain and the loss of enjoyment of life, incurred lost wages and expected such damages to continue into the future. Id. at ¶¶ 29-33.

Defendant filed his Answer to the Complaint on October 28, 2021. The Circuit Court entered its scheduling order and discovery commenced with a discovery completion date of August 3, 2022. Of note, Plaintiff served her Responses to Defendant's First Set of Combined Discovery Requests on January 18, 2022. ECF No. 6-3. In response to Defendant's Request for Admission No. 7, Plaintiff denied "the damages alleged in [her] Complaint do not exceed $75,000.00." ECF No. 6-3 at 23-24. Specifically, Plaintiff responded:

> Response: Objection. This request is irrelevant in that it is not likely to lead to the discovery of relevant or admissible

2

> information. Moreover, Plaintiff alleged special damages in the Complaint of $27,661.00. Plaintiff does not know at this time the amount of wage loss and benefits she has sustained. The remaining portion of her claims are damages for pain, suffering and loss of enjoyment of life which are not calculable with any certainty and are left to the provence [sic] of the jury and therefore Plaintiff cannot admit or deny the request but **to the extent an answer is required it is and must be denied.** Further, to the extent, this request for admission is solely meant to seek evidence to support a removal of this action to federal court, the same is moot as Defendant has failed to remove this action within the time period provided by 28 USCA § 1446 and any attempt to remove on that basis would be without good cause.

Id. (emphasis added). Plaintiff also denied she did not suffer any lost wages or income and denied she would not lose wages or income in the future. ECF No. 6-3 at 22-23. Plaintiff further disclosed in those discovery responses she had incurred a total of $32,307.80 in special damages and went on to describe her current diagnoses, treatment and anticipated further treatment. ECF No. 6-3 at 14-15. She disclosed her neck pain and spasms may be permanent. ECF No. 6-3 at 15-16.

Thereafter, discovery continued. Plaintiff served her Expert Witness Disclosure on April 1, 2022. That disclosure included an opinion from a Dr. Bowman that Plaintiff's future medical treatment and services have a total anticipated value between $662,903.50 and $842,795. ECF No. 1-5 at 2. Defendant filed his Notice of

**MEMORANDUM OPINION AND ORDER GRANTING**
**PLAINTIFF'S MOTION TO REMAND [ECF NO. 6]**

Removal on April 29, 2022 alleging this Court had diversity of citizenship jurisdiction under 18 U.S.C. § 1332.  ECF No. 1.  Specifically, Defendant alleged he is of diverse citizenship from Plaintiff and the amount in controversy exceeds $75,000.  ECF No. 1 at ¶ 4.  Plaintiff moved to remand this case back to the Circuit Court of Monongalia County, West Virginia on May 27, 2022.  ECF No. 6.

## II.  APPLICABLE STANDARD

### A. Removal Procedure

The procedures for the removal of a civil action to federal court are established in 28 U.S.C. § 1446. Typically, a defendant is required to file a notice of removal within thirty (30) days after receiving a "copy of the initial pleading."  See 28 U.S.C. § 1446(b).  However, "[i]f the case stated by the initial pleading is not removable, a notice for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable...."  Id.

"The 'motion, order or other paper' requirement is broad enough to include any information received by the defendant, whether communicated in a formal or informal manner." Yarnevic v. Brink's, Inc., 102 F.3d 753, 755 (4th Cir. 1996) (internal

quotations and citation omitted). "Various discovery documents such as depositions, answers to interrogatories and **requests for admissions**, amendments to ad damnum clauses of the pleadings, and correspondence between the parties and their attorneys or between the attorneys usually are accepted as 'other paper' sources that initiate a new thirty-day period of removability." 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3732 (3d ed. 1998) (emphasis added); see also Inaganti v. Columbia Properties Harrisburg LLC, No. 10-1651, 2010 WL 2136597, at *4 (E.D. Pa. May 25, 2010) (responses to requests for admissions used to establish amount in controversy) (citation omitted). The Fourth Circuit has also provided this guidance to district courts:

> [W]e will not require courts to inquire into the subjective knowledge of the defendant, an inquiry that could degenerate into a mini-trial regarding who knew what and when. Rather, we will allow the court to rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper.

Lovern v. Gen. Motors Corp., 121 F.3d 160, 162 (4th Cir. 1997). "The burden of establishing that removal was timely is on the defendant." Tolley v. Monsanto Co., 591 F. Supp. 2d 837, 845 (S.D.W. Va. 2008) (Goodwin, J.) (citation omitted).

### B. Diversity of Citizenship Jurisdiction

When an action is removed from state court, the district court must determine whether it has original jurisdiction over the plaintiff's claims. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree[.]" Id. (citations omitted). "Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) (citation omitted).

When a party seeks to remove a case based on diversity of citizenship, that party bears the burden of establishing that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states[.]" 28 U.S.C. § 1332.  It is required that an action "be fit for federal adjudication at the time the removal petition is filed. See 28 U.S.C. § 1441(a); Moffitt v. Residential Funding Co., LLC, 604 F.3d 156, 159 (4th Cir. 2010) (quoting Caterpillar Inc. v. Lewis, 519 U.S. 61, 73 (1996)).  If the complaint does not contain a specific amount in controversy and the defendant files a notice of removal, "the defendant bears the

burden of proving that the claim meets the requisite jurisdictional amount," and "the court may consider the entire record" to determine whether that burden is met. Elliott v. Tractor Supply Co., No. 5:14CV88, 2014 WL 4187691, at *2 (N.D.W. Va. Aug. 21, 2014) (citation omitted).

If the defendant sufficiently proves by a preponderance of the evidence that the amount in controversy exceeds $75,000 and the parties are diverse, then removal is proper. See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 87-88 (2014). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." Id. at 88. "[A]bsent a binding stipulation signed by [the plaintiff] that he will neither seek nor accept damages in excess of $75,000, the Court must independently assess whether the defendant[] ha[s] proven by a preponderance of the evidence that [the] . . . complaint seeks damages in excess of $75,000." Virden v. Altria Group, Inc., 304 F. Supp. 2d 832, 847 (N.D.W. Va. 2004). The determination of whether the amount in controversy is satisfied is left to the Court's "common sense." Mullins v. Harry's Mobile Homes, Inc., 861 F. Supp. 22, 24 (S.D.W. Va. 1994).

### III. DISCUSSION

Both parties concede this Court has jurisdiction under 28 U.S.C. § 1332. Plaintiff and Defendant are diverse in citizenship. Both now also concur the amount in controversy exceeds $75,000. The dispute presented in Plaintiff's remand motion is whether Defendant complied with the procedural requirements of 28 U.S.C. § 1446, specifically the timing of the filing of his Notice of Removal.

In his Notice, Defendant avers his first reliable indication the amount in controversy exceeded the $75,000 jurisdictional threshold came in Plaintiff's Expert Witness Disclosure. Without question, that discovery disclosure removed any doubt Plaintiff sought in excess of $75,000 in damages as Plaintiff's expert valued her damages above $500,000. That expert disclosure was made on April 1, 2022. Defendant removed this matter from the Circuit Court of Monongalia County, West Virginia, on April 29, 2022. Thus, **if** Plaintiff's expert witness disclosure was Defendant's first chance to ascertain 28 U.S.C. § 1332 jurisdiction applied, removal was timely under 28 U.S.C. § 1446 and this Court has jurisdiction.

However, the expert witness disclosure was not the first "other paper" making the amount in controversy ascertainable for removal purposes. Plaintiff's January 18, 2022 discovery

responses are. There, upon direct request from Defendant, Plaintiff denied the damages sought via her Complaint did not exceed $75,000. Deciphering the double negative, Plaintiff clearly announced, as of January 18, 2022, her damages claim satisfied 28 U.S.C. § 1332 jurisdiction and, therefore, was removable as of that date.[1] Defendant filed his April 29, 2022 Notice of Removal well outside the thirty days required under 28 U.S.C. § 1446(b).

In Everhart v. Waffle House, Inc., Civil Action No. 7:10-CV-01424-JMC, 2011 WL 13312349 (D.S.C. February 1, 2011), the District of South Carolina applied similar reasoning and grounds albeit in denying a motion to remand on timeliness. There, the plaintiff sued Defendant Waffle House, Inc. for negligence after a slip and fall accident where she claimed to suffer personal injuries. Id. *1. The complaint was silent as to the amount in controversy.

---

[1] In her remand motion, Plaintiff also argues Defendant missed the thirty (30) day removal deadline when he received Plaintiff's Complaint. That argument is less persuasive than the January 18, 2022 "other paper" position also advanced. The Complaint is silent as to a specific damages claim other than the $27,661 special damages allegation, which falls well short of the $75,000 threshold. Because the Court finds Defendant's Notice of Removal untimely based on the clear (and closer in time) discovery responses, it will not consider whether the Complaint itself triggered the start of the removal clock. Likewise, the Court does not consider Plaintiff's supplemental discovery responses mentioned in the parties' briefing as the January 18, 2022 discovery responses are so clear and precede the supplement.

Id.  Prior to filing its answer to the complaint, Waffle House, Inc. served the plaintiff requests for admission.  Id. at *2.  In her responses, the plaintiff denied the total value of her claim was less than $75,000.01.  Id.  The district court concluded "[b]ased on Ms. Everhart's denial, Waffle House, for the first time, was provided sufficient information to ascertain that the amount in controversy does exceed $75,000.00."  Id.  "That admission alone provides sufficient proof by Waffle House that the amount in controversy exceeds $75,000.00."  Id. at *3.  In rejecting the plaintiff's argument Waffle House, Inc.'s notice of removal should have been filed within thirty (30) days of service of the complaint, the district court relied on both the response to the request for admission and other discovery information concerning the plaintiff's special damages of $51,000, loss of enjoyment of life, pain and suffering and claimed need for future treatment related to permanent injuries.  Id.

Substantially similar circumstances exist here except that Defendant failed to act timely.  The Court has already discussed Plaintiff's response to the request for admission where she denied her claim being valued at less than $75,000. Those same discovery responses advised Defendant her special damages had increased to $32,307.80.  She also disclosed anticipated future treatment – such that her special damages claim would certainly increase – and

her neck pain and spasms "may be permanent" which would also increase her special damages. Simply, Defendant should have ascertained the amount in controversy required under 28 U.S.C. § 1332 was satisfied as of January 18, 2022.[2] The Notice of Removal filed over three months later failed to comply with the express dictates of 28 U.S.C. § 1446 and, therefore, was untimely filed. Although no legitimate doubt exists here, the Court remains mindful "[r]emoval jurisdiction is strictly construed" making remand necessary. Long v. Long, 509 F. Supp. 2d 568, 571 (N.D.W. Va. 2007) (Stamp, J.).

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand and Memorandum in Support [ECF No. 6] is **GRANTED**. This action is hereby **REMANDED** to the Circuit Court of Monongalia County, West Virginia.

---

[2] The Court can discern no other purpose behind Defendant's Request for Admission No. 7 than to explore the possibility diversity of citizenship jurisdiction existed making removal to this Court a viable strategy option. Again, the Complaint was silent as to an amount in controversy. Thus, like defendant Waffle House, Inc., in Everhart, Defendant issued requests for admissions including one request specifically tailored to the question at hand. Begrudgingly and buried among objections and other commentary, Plaintiff provided Defendant confirmation of that possibility. Plaintiff most certainly would have been estoppel from disputing the amount in controversy at that point. Nonetheless, unlike Waffle House, Inc., Defendant did not utilize the information he specifically sought **timely** as required under 28 U.S.C. § 1446.

**Hepner v. Flynn** **1:22CV38**

**MEMORANDUM OPINION AND ORDER GRANTING**
**PLAINTIFF'S MOTION TO REMAND [ECF NO. 6]**

Having found it has no jurisdiction and therefore without authority to decide any other issue in this case, the Clerk is directed to **TERMINATE** any pending motions from the Court's docket including, but not limited to, Defendant's Motion to Quash Subpoena [ECF No. 16].

The Clerk is directed to transmit copies of this Order to counsel of record.

DATED: March 30, 2023

/s/ Thomas S. Kleeh
CHIEF JUDGE
UNITED STATES DISTRICT COURT